# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Stevon Warren,

      Defendant.

Criminal No. 10-276 (PJS/JJG)

**REPORT
AND
RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the undersigned on November 24, 2010 for resolution of pretrial motions. LeeAnn K. Bell, Assistant U.S. Attorney, appeared for the Government. Douglas Olson, Assistant Federal Defender, appeared for defendant Stevon Warren. The dispositive motions in this matter are referred for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a).

Mr. Warren has advanced two dispositive motions. One is a motion to suppress evidence (Doc. No. 31), which challenges evidence obtained pursuant to a search warrant. Because this Court initially authorized the warrant, this motion will be addressed by Magistrate Judge Franklin L. Noel in a separate report and recommendation. There is also a motion to suppress statements (Doc. No. 32), which contends that certain statements were elicited from Mr. Warren in violation of his privilege against self-incrimination. That is the sole motion considered here.

In this prosecution, Mr. Warren (Warren) was indicted on October 5, 2010 for transporting others to engage in prostitution. A few days later, Warren was arrested for this offense and detained at the Hennepin County Jail. On October 12, 2010, two federal law enforcement agents transported Warren from jail to the federal courthouse in St. Paul for his first formal appearance.

During this trip, Mr. Warren contends, he was subjected to unlawful interrogation from those agents.

The only evidence regarding this trip is testimony from Special Agent Joseph Malhoit of the Federal Bureau of Investigation. According to Malhoit, he recited the charge and informed Warren about what was going to happen at the courthouse, including the first appearance and an interview with pretrial services. In order to complete an intake form for courthouse marshals, Malhoit also asked Warren some biographical questions.

Malhoit then asked Warren whether he had any questions. Warren started talking about the underlying charge and investigation, but Malhoit asked Warren to stop talking about the case until he had the assistance of an attorney. Warren nonetheless proceeded to complain about the circumstances of his arrest, and he allegedly stated, "I'm not a pimp." This is the statement that Warren now seeks to suppress.

During his testimony, Malhoit admitted that he did not provide Warren a formal *Miranda* warning. Pursuant to the Fifth Amendment privilege against self-incrimination, if there is no *Miranda* warning before law enforcement proceeds with custodial interrogation of the accused, then responses from the accused must be suppressed. *See, e.g., United States v. Wise*, 588 F.3d 531, 536 (8th Cir. 2009). The dispositive question here is whether Malhoit interrogated Warren.

The rule is that, if officers engage in express questioning or its functional equivalent, there is interrogation. This standard includes words or actions by law enforcement, aside from those usually incident to custody, which officers know are likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). So where the accused makes a voluntary and spontaneous statement that is not the product of interrogation, there is no violation of the

privilege against self-incrimination.  *See, e.g., United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1039 (8th Cir. 2010).

Although questioning usually constitutes interrogation, this rule does not apply to routine administrative questioning.  No judicial scrutiny is necessary except where officers had reason to know such questioning was "directly relevant" to criminal charges.  *United States v. McLaughlin*, 777 F.2d 388, 391 (8th Cir. 1985).  In accordance with this exception, no interrogation occurs through ordinary booking questions during an arrest, *United States v. Lawrence*, 952 F.2d 1034, 1036 (8th Cir. 1992), or administrative reviews by pretrial officers, *United States v. Jones*, 266 F.3d 804, 812 (8th Cir. 2001).

The record shows that Malhoit, after informing Warren about the charge and proceedings, asked Warren a few questions in order to complete a form.  This conduct seems entirely routine, but more importantly, there is no suggestion that Malhoit intended to elicit incriminating remarks.  Malhoit instead discouraged Warren from talking about the case.  Yet after this warning, Warren made a spontaneous statement.

In these circumstances, there is no indication that Malhoit was engaged in interrogation. The questioning from Malhoit was ministerial, and it was not intended to elicit an incriminating response.  In the absence of interrogation, there can be no violation of the privilege against self-incrimination.  For this reason, Warren's statement need not be suppressed.  Being duly advised of all the files, records, and proceedings, **IT IS HEREBY RECOMMENDED THAT** Warren's motion to suppress statements (Doc. No. 32) be **DENIED.**

Dated this 1st day of December, 2010.

s/ *Jeanne J. Graham*
_____
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **December 16, 2010.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.