UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | CR 10-276 PJS/JJG |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| Stevon Warren, | |
| Defendant. | |

LEEANN K. BELL, ASSISTANT UNITED STATES ATTORNEY, for plaintiff.

DOUGLAS OLSON, ASSISTANT FEDERAL DEFENDER, for defendant.

The above reference matter is before the Court for the limited purpose of determining whether evidence seized from the Defendant's cell phone pursuant to a search warrant is admissible at the Defendant's trial. For the reasons set forth below, the Court concludes the evidence is admissible.

**FINDINGS OF FACT**

On August 27, 2009, Magistrate Judge Graham issued a search warrant to search a cell phone that was seized from Defendant in March of 2009.

In an affidavit submitted in connection with the search warrant application, Special Agent Malhoit described how a Minneapolis police officer set up a prostitution appointment with a woman who called herself Marissa and advertised her services on Craig's List. On March 17, 2009, the Minneapolis policeman, acting in an undercover capacity, met Marissa, later identified

1

as 23 year old Larisha Marie Duncan, at a hotel bar in Minneapolis. He agreed to pay her $400 for a two hour date later that evening that would include sex. For an additional charge of $500, Duncan agreed to bring a sixteen year old girl with her, who would also engage in sex. Before leaving the hotel, Duncan called someone on her cell phone and said she was "done," and asked the person on the other end of the call where he/she was. Duncan then asked the undercover policeman for directions to the SuperAmerica. Surveillance officers watched as Duncan walked to the nearby SuperAmerica where she got into a vehicle driven by the Defendant. Officers had earlier seen the Defendant driving the same vehicle at the hotel where Duncan met with the undercover police officer. The Court infers from these facts that Defendant facilitated the meeting between Duncan and the undercover policeman by driving Duncan to the meeting with the policeman and waiting for her while she made arrangements to engage in prostitution later that evening.

The undercover policeman then rented a hotel room in the same hotel where he had earlier met Duncan. Just before 7:00 PM on March 17, Duncan called the undercover policeman to tell him that she was on her way to pick up the 16 year old. The undercover policeman gave Duncan the number of the hotel room where the prostitution was to take place. At 8:40 PM that evening, surveillance officers watched as the Defendant, driving a different car than he had been seen in earlier in the day, dropped off Duncan and another woman in the vicinity of the hotel where the prostitution was to occur. Defendant then drove to the nearby SuperAmerica.

Duncan and her companion then went to the hotel room where the undercover policeman waited for them. Once inside, the details of the prostitution were again confirmed between the policeman and the two women. After Duncan accepted $900 from the policeman, he gave a pre-

arranged arrest signal. Special Agent Malhoit and other law enforcement personnel entered the hotel room and arrested both Duncan and her underage companion. Other officers arrested Defendant at the nearby SuperAmerica and seized his cell phone.

## **CONCLUSIONS OF LAW**

Evidence seized pursuant to a search warrant is admissible if the application submitted in connection with the warrant establishes probable cause to believe evidence of a crime will be found in the place to be searched, and if the search warrant particularly describes the place to be searched and the evidence to be seized. Probable cause means, "a fair probability that contraband or evidence will be found in a particular place." *Illinois v. Gates*, 462 US 213, 238 (1983). In reviewing the decision of a Magistrate Judge to issue a search warrant, the reviewing court looks only for whether the search warrant application provided the issuing judge with a "substantial basis" for determining that there was probable cause. *Id*. at 238-39; *United States v. Goff,* 449 F.3d884, 886 (8th Cir. 2006).

The cell phone is particularly described in the affidavit and in the Search Warrant that was issued. Attached to the search warrant is a detailed list of evidence for which Special Agent Malhoit sought permission to search. The affidavit submitted by FBI Special Agent Malhoit in support of the Search Warrant application sets forth probable cause to believe that the cell phone seized from the Defendant at the time of his arrest would contain evidence of criminal activity. The affidavit recites evidence (detailed above in the Findings of Fact) from which it may be reasonably inferred that the phone was used to promote prostitution.

Affiant explained in the affidavit submitted in connection with the search warrant application that in his experience cell phones are often used to promote prostitution, and that

3

such cell phones can contain evidence in the form of voice mail, e-mail, text messages and photographs, as well as contact information regarding co-participants in the crime of prostitution. Indeed in the brief one day investigation described in the affidavit submitted in support of the search warrant, Ms. Duncan twice used a cell phone to further the crime of prostitution, at least once telephoning the Defendant, to learn where he was waiting for her.

The Court concludes that the application and affidavit set forth sufficient evidence from which it can be inferred that evidence of prostitution would be found in the cell phone seized from the Defendant while he waited for Duncan and her companion to complete an act of prostitution in the hotel to which he had driven them. Evidence seized from the cell phone is admissible at trial.

## RECOMMENDATION

Based upon all of the foregoing, IT IS HEREBY RECOMMENDED that the Defendant's Motion to Suppress Evidence seized pursuant to the Search Warrant issued by Magistrate Judge Graham on August 27, 2009 be DENIED [#31].


DATED: December 1, 2010.              *S/ Franklin L. Noel*
                                       FRANKLIN L. NOEL
                                       United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 15, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by

**December 15, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.