UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 10-CR-0276 (PJS/JJG) |
| Plaintiff, | 14-CV-1584 (PJS) |
| v. | ORDER |
| STEVON WARREN, | |
| Defendant. | |

LeeAnn K. Bell, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Stevon Warren, pro se.

Defendant Stevon Warren was convicted by a jury of one count of interstate transportation to engage in prostitution and one count of sex trafficking of a minor. The Court sentenced Warren to 46 months' imprisonment on the first count and 132 months' imprisonment on the second count, with those terms to be served concurrently. The Eighth Circuit affirmed Warren's conviction and sentence on direct appeal. *See United States v. Warren*, 491 Fed. Appx. 775 (8th Cir. 2012) (per curiam). This matter is before the Court on Warren's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons explained below, Warren's motion is denied. Because the record conclusively demonstrates that Warren is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

The government charged Warren with two crimes in a superseding indictment:

In Count One, the government alleged that Warren had knowingly transported Larisha Duncan across a state line with the intent that she engage in prostitution. At trial, Duncan

testified that Warren drove her from Minnesota to River Falls, Wisconsin to engage in a commercial sex act. *See* Trial Tr. at 173-75.[1] Based on that testimony and other evidence, the jury found Warren guilty of interstate transportation to engage in prostitution in violation of 18 U.S.C. § 2421.

In Count Two, the government alleged that Warren had engaged in sex trafficking of a minor when he drove 15-year-old C.D. to a Minneapolis hotel to perform a commercial sex act on a man who turned out to be an undercover police officer. C.D. testified at trial that the government's allegations were true. *See* Trial Tr. at 242-56. Based on that testimony and other evidence, the jury found Warren guilty of sex trafficking of a minor in violation of 18 U.S.C. § 1591.

Warren raises six grounds for relief in his motion, but several of those grounds are duplicative, and a few of those grounds encompass more than one discrete issue. Fairly restated, Warren alleges that his sentence should be vacated for the following four reasons: (1) the government did not prove — indeed, expressly denied during its opening argument — that Warren transported anyone across a state line, an element of the crime charged in Count One; (2) C.D. committed perjury while testifying before the grand jury that indicted Warren; (3) "inflammatory" portions of an audio recording of an interview of C.D. were introduced at trial without introduction of a portion of that interview in which C.D. stated that she "held extreme dislike and contempt" for Warren, ECF No. 190 at 6, 12; and (4) Warren's attorneys failed to provide effective assistance. The Court will examine these claims in turn.

---

[1] The trial transcript is consecutively paginated across three docket entries. *See* ECF Nos. 167-69. The Court cites to the pagination found in the top-right corner of these documents.

*First*, Warren argues that there was insufficient evidence to convict on Count One because the government did not show that he transported anyone across a state line to facilitate prostitution. In fact, says Warren, the government admitted during its opening statement that "[n]o one went across state lines" during the commission of the offense, Trial Tr. at 38, thus conceding that it could not prove that Warren had committed the crime of interstate transportation to engage in prostitution.

Warren takes the government's supposed concession that "[n]o one went across state lines" completely out of context. During her opening statement, the prosecutor explained that the interstate-nexus element of the crime charged in Count One was different from the interstate-nexus element of the crime charged in Count Two. Specifically, the prosecutor explained that she was required to prove that Warren actually transported Duncan across a state line in order to convict him of interstate transportation to engage in prostitution, as charged in Count One. *See* 18 U.S.C. § 2421. But, said the prosecutor, she was *not* required to prove that Warren transported C.D. across a state line in order to convict him of sex trafficking of a minor. Instead, she had to prove only that Warren's conduct with respect to C.D. affected interstate commerce in some way. *See* 18 U.S.C. § 1591.

The sentence quoted by Warren — "[n]o one went across state lines" — was a sentence uttered by the prosecutor about Count Two, not Count One. She was contrasting what she would prove with respect to Count One (that Warren *did* go across a state line) with what she would prove with respect to Count Two (that "[n]o one went across state lines," but that Warren's actions nevertheless affected interstate commerce). When discussing the crime charged in Count One, the government never said that Warren had not crossed a state line; to the contrary, the

government said several times that Warren *had* crossed a state line when he transported Duncan to Wisconsin to engage in prostitution. *See* Trial Tr. at 5 ("Mr. Warren drove Larisha from Minneapolis, Minnesota to River Falls, Wisconsin, so Larisha could engage in prostitution . . . ."); *id*. at 35 ("And [Duncan] will tell you that she was then driven by the defendant from the Twin Cities to River Falls, Wisconsin for the purposes of having a prostitution appointment . . . ."); *id*. at 39 ("So that's generally what the case is about: The defendant's knowledge and involvement in transporting Larisha Duncan to Wisconsin . . . ."). And, as described above, Duncan's testimony provided sufficient evidence for a reasonable jury to conclude that Warren had in fact transported her across a state line in order to engage in prostitution. Warren's first ground for relief is therefore rejected.

*Second*, Warren alleges that C.D. perjured herself while testifying before the grand jury when she said that she and Warren "had been in company together, smoking marijuana, when Petitioner asked CD if she would like to make some money." ECF No. 190 at 3. According to Warren, this statement is demonstrably untrue, both because he was regularly tested for drugs during the relevant time period and found to be clean, and because C.D. stated in an interview before trial that she disliked being around Warren, thus implying that she would not have socialized with him. Assuming for the sake of argument that C.D. lied to the grand jury, "the verdict of the petit jury makes any error in the grand jury proceeding connected with the charging decision 'harmless beyond a reasonable doubt.'" *United States v. Dugan*, 150 F.3d 865, 868 (8th Cir. 1998) (quoting *United States v. Mechanik*, 475 U.S. 66, 70 (1986)). Warren was convicted on both counts alleged in the superseding indictment after a full and fair jury trial. *See Warren*, 491 Fed. Appx. at 777-78. Accordingly, Warren's second ground for relief is rejected.

*Third*, Warren alleges that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by introducing into evidence portions of an audio recording of an interview of C.D. without also introducing into evidence a statement made by C.D. in that interview that she "held extreme dislike and contempt" for Warren. ECF No. 190 at 6. This claim fails for at least three reasons:

First, *Brady* requires the government to *disclose* exculpatory evidence to the defendant; *Brady* does not require the government to *introduce* that evidence at trial. *See United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005) ("To establish a *Brady* violation, a defendant must show that the government suppressed exculpatory evidence that was material either to guilt or to punishment. . . . [D]ue process is satisfied if the information is furnished before it is too late for the defendant to use it at trial."). Warren acknowledges that the government disclosed the recording of C.D.'s interview prior to trial; indeed, Warren's ineffective-assistance-of-counsel claim is in part based on the allegation that his counsel failed to make effective use of that recording at trial. *See* ECF No. 190 at 13.

Second, contrary to Warren's argument, the government did not introduce or play any portion of C.D.'s interview at trial. *See generally* Trial Tr.; Ex. List [ECF No. 109]. Obviously, then, because the government did not introduce *any* portion of the interview of C.D., it did not introduce an "inflammatory" portion.

Third, to succeed on his *Brady* claim, Warren must establish, among other things, that "the evidence was material to either his guilt or his punishment." *Mandacina v. United States*, 328 F.3d 995, 1001 (8th Cir. 2003) (quotation omitted). "To establish materiality in the context of *Brady*, the accused must show there is a reasonable probability that if the allegedly suppressed

evidence had been disclosed at trial the result of the proceeding would have been different." *Id*. (quotation omitted). Simply put, there is no reasonable probability that the result of Warren's trial or sentencing would have been any different had the jury heard a recording of C.D. saying that she disliked Warren. As a general matter, one would not expect a child who was sexually exploited for profit to have warm feelings for the man who exploited her, and it was apparent to anyone who watched C.D. testify that she was not fond of Warren. For all of these reasons, Warren's third ground for relief is rejected.

*Fourth*, Warren claims that he received ineffective assistance of counsel in two respects: (1) his counsel "failed to follow up" on the allegedly exculpatory interview of C.D. [ECF No. 190 at 13]; and (2) his counsel advised him to reject a plea offer that would have resulted in a three-year sentence. To prevail on a claim of ineffective assistance of counsel, Warren must show that his counsel's performance fell below an objective standard of reasonableness, *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and that there is a reasonable probability that, but for his counsel's errors, the result of Warren's proceeding would have been different, *id*. at 694. Warren "faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Warren's first allegation is too vague and conclusory to merit relief under § 2255. *See Ivy v. United States*, 103 F.3d 135 (8th Cir. 1996) (unpublished table disposition); *United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995). As best as the Court can tell, Warren alleges that his counsel failed to investigate the recorded interview of C.D. and therefore failed to introduce exculpatory information disclosed during that interview. ECF No. 190 at 13. But other than the statement from C.D. that she "held extreme dislike and contempt" for him, *id*. at 6,

Warren has not identified any exculpatory information provided by C.D. And as just explained, Warren was not prejudiced by the jury's failure to hear that his victim disliked him.

As to the second allegation: "When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant must show that, but for his counsel's advice, he would have accepted the plea." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (quotation omitted). "To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Warren does not even *allege* in his § 2255 motion that he would have accepted the plea if advised to do so, much less present any credible evidence to that effect. To the contrary, Warren has insisted throughout these proceedings — vehemently and even indignantly — that he is completely innocent of the crimes charged. *See, e.g.*, ECF No. 122 at 1 (post-trial letter from Warren to the Court claiming that his counsel presented him with a plea offer before trial and that he declined the offer because "Im Innocent of these charges" [sic throughout]). In fact, Warren labels one of the grounds for relief in his § 2255 motion — the first ground examined in this order — as a claim based on "Actual Innocence." ECF No. 189 at 8.

"A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." *Sanders*, 341 F.3d at 723. Again, Warren has not even *made* a "claim that he would have pleaded guilty if only he had received better advice from his lawyer," *id.*, and even if he had

made such a claim, the Court is unaware of any evidence that would support it. For these reasons, Warren's fourth ground for relief is rejected.

Because all four of his grounds for relief have been rejected, Warren's motion to vacate, set aside, or correct his sentence under § 2255 is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Stevon Warren's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 189] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August  1 , 2014          s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge