UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0276 (PJS/JJG) |
| | Case No. 14-CV-1584 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| STEVON WARREN, | |
| Defendant. | |

Stevon Warren, pro se.

Defendant Stevon Warren was convicted by a jury of one count of interstate transportation to engage in prostitution in violation of 18 U.S.C. § 2421 and one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591. The Court sentenced Warren to 46 months' imprisonment on the first count and 132 months' imprisonment on the second count, with those terms to be served concurrently. The Eighth Circuit affirmed Warren's conviction and sentence on direct appeal. *United States v. Warren*, 491 F. App'x 775 (8th Cir. 2012) (per curiam).

Warren subsequently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Warren listed six grounds for relief, but essentially he made four claims: (1) the government failed to prove that Warren transported anyone across a state line, an element under 18 U.S.C. § 2421; (2) a witness committed perjury before the grand jury; (3) the government introduced inflammatory portions of an audio recording

at trial while failing to introduce exculpatory portions; and (4) Warren's attorneys failed to provide effective assistance. The Court addressed and rejected each claim on the merits and the Eighth Circuit denied Warren's application for a certificate of appealability.

This matter is before the Court on Warren's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. In his motion, Warren argues that (1) his conviction violated the Double Jeopardy Clause; (2) the Court lacked jurisdiction to enter a criminal judgment against him because the government failed to establish interstate transportation; (3) the government breached an agreement not to raise Warren's alleged gang affiliation; and (4) the government failed to provide exculpatory state-court transcripts and other exculpatory materials and information.

Although Warren purports to bring his motion under Rule 60(b), he is in reality seeking to raise a slew of new (or warmed-over) claims in what is in substance a second or successive motion for relief under § 2255. A prisoner seeking to bring a second or successive § 2255 motion is required to first obtain authorization from a court of appeals; a prisoner cannot evade this requirement by styling his § 2255 motion as a Rule 60(b) motion. *See* 28 U.S.C. § 2255(h); *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (a Rule 60(b) motion presenting new substantive claims for habeas relief, or attacking the court's previous resolution of a habeas claim on the merits, should be treated as a

second or successive habeas petition); *United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015) (applying *Gonzalez* to a proceeding under § 2255).

There is no indication that Warren received authorization to bring a second or successive § 2255 motion from the United States Court of Appeals for the Eighth Circuit.[1] Accordingly, the Court lacks jurisdiction to consider Warren's motion.[2]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) [ECF No. 213] is DENIED WITHOUT PREJUDICE.

---

[1]Warren previously petitioned the Eighth Circuit for permission to bring a second or successive § 2255 motion on the basis that the sex-trafficking statute (18 U.S.C. § 1591) is unconstitutionally vague. *See Warren v. United States*, No. 16-2610 (8th Cir. filed June 8, 2016). The Eighth Circuit denied Warren's petition. ECF No. 211.

[2]The Court also notes that, to the extent Warren relies on Rule 60(b)(3), his motion is untimely. *See* Fed. R. Civ. P. 60(c) (motions under subsections (b)(1), (b)(2), and (b)(3) must be filed no more than a year after the entry of the judgment, order, or date of proceeding).

2. To the extent that a certificate of appealability is necessary, the Court declines to grant one.

Dated: March 15, 2017	s/Patrick J. Schiltz
	Patrick J. Schiltz
	United States District Judge